Frank J. Colucci  (FC-8441)
*Admitted Pro Hac Vice*
Richard P. Jacobson (RJ-2843)
*Admitted Pro Hac Vice*
COLUCCI & UMANS
218 East 50th Street
New York, New York 10022
FColucci@Colucci-Umans.com
RJacobson@Colucci-Umans.com
Telephone:   212.935.5700
Facsimile:    212.935.5728

Timothy J. Franks (#013532)
PERKINS COIE BROWN & BAIN P.A.
2901 North Central Avenue, Suite 2000
Phoenix, Arizona  85012-2788
TFranks@PerkinsCoie.com
Telephone:   602.351.8000
Facsimile:    602.648.7000

Attorneys for Defendant/Counterclaimant
Q.R.T.M., S.A. de C.V.

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| La Quinta Worldwide, LLC,<br><br>            Plaintiff,<br><br>   v.<br><br>Q.R.T.M., S.A. de C.V.,<br><br>            Defendant. | No. CIV-09-00175-TUC-RCC<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM** |

## **INTRODUCTION**

La Quinta filed this action against QUINTA REAL asserting federal claims of trademark infringement, unfair competition and dilution along with state law claims. La Quinta also seeks to cancel QUINTA REAL's United States Trademark Registration

1  No. 2,776,802 for the mark QR and Design for hotel services in International Class 42
2  ("QR and Design Mark").  The mark appears as follows:

3
4
5
6
7

8  QUINTA REAL counterclaimed, seeking a declaratory judgment that its marks, QUINTA
9  REAL, QR and variations thereof ("QUINTA REAL Marks"), do not infringe, unfairly
10 compete with or otherwise violate any trademark rights of La Quinta.  La Quinta has now
11 moved to dismiss QUINTA REAL's counterclaim on the ground that it is "redundant" of
12 the claims set forth in the complaint..

13                                         **BACKGROUND**

14          QUINTA REAL operates eight hotel properties in Mexico under the
15 QUINTA REAL Marks.  (Countercl. ¶ 8)  Each property in the exclusive collection of
16 QUINTA REAL hotels has its own special character, all of which maintain the highest
17 standards of service and quality.  (Countercl. ¶ 9)  The hotels are located in Mexico's
18 finest beach resorts, colonial towns, and major cities.  (Countercl. ¶ 9)  All QUINTA
19 REAL hotels embody the culture, traditions and architectural values of the destination in
20 which they are located and highlight the best of Mexico, incorporating its colors and
21 textures along with regional materials in the buildings and their décor.  (Countercl. ¶ 10)
22 QUINTA REAL's exclusive properties appeal to sophisticated travelers with exquisite
23 taste and an interest in culture, who value quality, attention to detail and personalized
24 service in a framework of beauty and refinement.  (Countercl. ¶ 11)
25          QUINTA REAL actively uses its QUINTA REAL Marks to promote the
26 QUINTA REAL hotels in the United States and has done so since at least as early as

1998.  (Countercl. ¶ 13)  Use of the marks includes soliciting and booking reservations through travel agents and over the internet and by promoting QUINTA REAL hotels in travel brochures.  (Countercl. ¶ 13)  With so many guests of the QUINTA REAL hotels visiting from the United States, the marks have become closely associated with upscale hotel services among American consumers of luxury hotels.  (Countercl. ¶ 15)  As a result, QUINTA REAL has explored expanding into the United States.  (Countercl. ¶ 15)

Before the commencement of this civil action, La Quinta's prior counsel threatened to bring litigation against QUINTA REAL on at least three separate occasions.  (Countercl. ¶¶ 29-31)  La Quinta also disrupted QUINTA REAL's business by issuing at least six subpoenas *duces tecum* across the country to various entities and individuals that had worked with or explored working with QUINTA REAL.  (Countercl. ¶ 32)

La Quinta's complaint asserts federal claims for trademark infringement, unfair competition, and dilution, common law unfair competition and a claim to cancel the QR Registration.  The counterclaim, on the other hand, merely seeks a declaratory judgment that the QUINTA REAL Marks do not infringe La Quinta's marks or registrations or unfairly compete with La Quinta.  The counterclaim does not seek a declaration regarding the validity of the QR Registration.

## **ARGUMENT**

La Quinta does not dispute that an actual controversy exists between the parties, and that the Court thus has jurisdiction to adjudicate QUINTA REAL's request for declaratory judgment.  QUINTA REAL has a real and reasonable apprehension of future and ongoing litigation based on La Quinta's statements and conduct.  La Quinta's repeated threats to file suit and claims of trademark infringement, including the pending action, have created an actual, substantial and justiciable controversy between Quinta Real and La Quinta concerning the right of QUINTA REAL to expand and build hotels in the United States.  Implicitly acknowledging that an actual controversy exists, La Quinta

instead seeks to dismiss that counterclaim solely on the ground that it is supposedly redundant of La Quinta's own claims. That argument should be rejected.

As an initial matter, QUINTA REAL's counterclaim is not redundant of La Quinta's complaint. As set forth above, the factual underpinnings of La Quinta's complaint are limited to a real estate project in Tucson that does not involve QUINTA REAL and a survey conducted only in the Tucson and Phoenix metropolitan areas. Yet, La Quinta seeks an injunction that goes far beyond the city limits of Tucson and the borders of Arizona. La Quinta seeks to stop QUINTA REAL from establishing any hotel within the territorial limits of the United States.

QUINTA REAL, on the other hand, seeks a declaration of its rights throughout the United States because it remains interested in expanding its luxury hotel business into the United States. It has requested a declaratory judgment that will set forth is rights "from sea to shining sea," rather than just in one particular town in Arizona. Hence, the counterclaim is broader than La Quinta's complaint and sets forth a viable basis to seek an adjudication of its rights on a nationwide basis. Thus, the counterclaim is not the mirror image of the complaint.

It would certainly be premature to make such a determination. "[I]t is very difficult to determine whether the declaratory judgment counterclaim really is redundant prior to trial." 6 Wright, Miller and Kane, *Federal Practice & Procedure Civil2d,* § 1406 at 34. Wright and Miller cite the early case *Leach v. Ross Heater & Mfg. Co.*, 104 F.2d 88, 91-92 (2d Cir. 1939), which observed,

> While it may turn out at trial that a decision on the merits of the plaintiff's bill will dispose of the controversy between the parties completely and render declaratory judgment unnecessary, in which case the counterclaim may be dismissed, we are of the opinion that it was error to strike out the counterclaim at so early a stage.

Wright and Miller conclude that "the safer course for the court to follow" is to deny the request to dismiss the counterclaim "unless there is no doubt that it will be rendered moot by the adjudication of the main action." 6 Wright, Miller, and Kane, *supra*, § 1406 at 36; *see also Jungersen v. Miller*, 125 F. Supp. 846, 847 (N.D. Ohio 1954) ("[T]he best and most sensible time to determine the question is at the time of trial. No possible harm can result from the delay").

In any event, dismissal of the counterclaim would not be appropriate even if the counterclaim were the "mirror image" of the complaint:

> While Third-Party Defendants may be correct that this claim seeks relief that is redundant to averments made in Fasteam's answer, such is not a proper basis for dismissing this counterclaim. EFT is entitled to seek a declaration regarding its rights and liabilities in this matter regardless of whether it defends the underlying action on similar grounds.

*Nu Science Corp.,v. Efasteam.Com,* No. C-03-5598 SC, 2004 U.S. Dist. LEXIS 17763, at *8 (N.D. Cal. Aug. 24, 2004).

The cases cited by La Quinta are not to the contrary, but rather reflect essentially unopposed motions where the relief was granted by default. *Capital Records, Inc. v. Weed*, No. 2:06-cv-01124-PHX-JAT, 2008 U.S. Dist. LEXIS 35298, at *8 (D. Ariz. Apr. 21, 2008) (defendant failed to address plaintiffs' argument that declaratory relief is redundant and unnecessary); *Atlantic Recording Corp. v. Serrano*, No. 07-CV-1824 W (JMA), 2007 U.S. Dist. LEXIS 95203, at *11 (S.D. Cal. Dec. 27, 2007) (defendant did not counter plaintiffs' argument that counterclaim for a declaratory judgment was merely redundant of plaintiffs' copyright claim); *Avery Dennison Corp. v. Acco Brands, Inc.*, No. CV 99-1877 DT (Mcx), 2000 U.S. Dist. LEXIS 3938, at *13 (C.D. Cal. Feb. 23, 2000) (defendant Acco agreed that its counterclaim for declaratory judgment of non-infringement and no dilution of the plaintiff's trademark was the mirror image of its

defense to plaintiff's claims on which Acco already had been granted summary judgment).

La Quinta's invocation of Federal Rule of Civil Procedure 12(f) also is unavailing. Rule 12(f) permits the Court to strike from any pleading "any redundant, immaterial, impertinent or scandalous matter." The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds,* 510 U.S. 517 (1994). That rationale, however, is at odds with the argument La Quinta tries to advance. If the counterclaim is redundant, or the mirror image, of the allegations in the complaint, then there would be no needless expenditure of time and money. If, on the other hand, the counterclaim transcends the complaint, then La Quinta's argument likewise fails because QUINTA REAL has demonstrated the existence of a substantial controversy between parties with adverse legal interests that is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

Moreover, courts generally view motions to strike with disfavor because they impose a "drastic remedy," 2-12 *Moore's Federal Practice – Civil* §12.37[1] (Matthew Bender 3d ed.), and are "often used as delaying tactics." Schwarzer, Tashima & Wagstaffe, *Federal Civil Procedure Before Trial* § 9.375 (2d ed. 1990). For this reason, courts frequently require a showing of prejudice by the moving party. *See SEC v. Sands,* 902 F. Supp. 1149, 1166 (C.D. Cal. 1995) (citing Schwarzer, *supra,* §§ 9:376, 9:407). La Quinta cites no prejudice or adverse impact arising from the counterclaim nor can it. The case is in the early stages, and no party has even served any discovery requests at this point.

The potential for prejudice to QUINTA REAL, on the other hand, is great. QUINTA REAL's declaratory judgment counterclaim is properly characterized as

"compulsory" within the meaning of Federal Rule of Civil Procedure 13(a).  *See, e.g.*, *Alltrade, Inc. v. Uniweld Prods., Inc.,* 946 F.2d 622, 625 n.5 (9th Cir. 1991) (count seeking declaratory judgment of no trademark infringement is compulsory counterclaim to action for trademark infringement); *Commerce Bancorp, Inc. v. BankAtlantic*, No. 02-4774 (JBS), 2004 U.S. Dist. LEXIS 4764, at *6-7 (D.N.J. Jan. 12, 2004) (counterclaim for declaration of non-infringement of trademark, filed in response to plaintiff's trademark infringement claims, was compulsory); *J. Lyons & Co. Ltd. v. Republic of Tea, Inc.*, 892 F. Supp. 486, 490 (S.D.N.Y. 1995) (action seeking declaratory relief that activities do not infringe trademarks are compulsory counterclaims to pending action asserting infringement of same alleged trademarks); *United Fruit Co. v. Standard Fruit & S.S. Co.*, 282 F. Supp. 338, 339-40 (D. Mass. 1968) (complaint seeking declaratory judgment that defendant did not infringe plaintiff's trademark was compulsory counterclaim to unfair competition action).

It is well settled that "[a] counterclaim which is compulsory but is not brought is thereafter barred." *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n.1 (1974).  If QUINTA REAL's present counterclaim is stricken, it may be barred by the compulsory counterclaim rule from seeking a declaratory judgment at a later date, thus subjecting it to unfair prejudice. *See Commerce Bancorp*, 2004 U.S. Dist. LEXIS 4764, at *7.  Therefore, in the absence of the counterclaim, QUINTA REAL would be in a legal quagmire – facing threats of litigation and uncertainty over its right to build hotels in the United States, yet constrained from having a court rule upon those rights.

Finally, judicial economy is best served by QUINTA REAL seeking a declaration of non-infringement as part of the instant case, rather than as part of a separate, stand-alone action against La Quinta where so many of the same issues would be raised.

## CONCLUSION

For all the foregoing reasons, QUINTA REAL respectfully requests that the Court deny La Quinta's motion to dismiss the counterclaim.

Dated:  New York, New York
        September 25, 2009

COLUCCI & UMANS

By: s/Frank J. Colucci
    Frank J. Colucci (FC-8441)
    *Admitted Pro Hac Vice*
    Richard P. Jacobson (RJ-2843)
    *Admitted Pro Hac Vice*
    218 East 50th Street
    New York, New York  10022-6018
    FColucci@Colucci-Umans.com
    RJacobson@Colucci-Umans.com
    Telephone:  212.935.5700
    Facsimile:  212.935.5728

OF COUNSEL:
    Timothy J. Franks
    Perkins Coie Brown & Bain P.A.
    Suite 2000
    2901 North Central Avenue
    Phoenix, Arizona  85012-2788

Attorneys for Defendant/Counterclaimant
Q.R.T.M., S.A. de C.V.

**CERTIFICATE OF SERVICE**

☒   I hereby certify that on September 25, 2009, I electronically transmitted the attached documents to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Mark A. Nadeau (mark.nadeau@dlapiper.com)

Kate Elizabeth Frenzinger (kate.frenzinger@dlapiper.com)

☒   I hereby certify that on September 25, 2009, I served the attached document by first class mail on Judge Raner C. Collins, United States District Court of Arizona, 405 West Congress Street, Tucson, Arizona 85701.

<u>s/ Richard P. Jacobson</u>