Mark A. Nadeau (Arizona Bar No. 011280)
mark.nadeau@dlapiper.com
Kate E. Frenzinger (Arizona Bar No. 023100)
kate.frenzinger@dlapiper.com
DLA Piper LLP (US)
2525 East Camelback Road, Suite 1000
Phoenix, Arizona 85016 4232
480.606.5100 (telephone)
480.606.5101 (facsimile)

Jeffrey Goldfarb (*pro hac vice*)
jeffrey.goldfarb@dlapiper.com
DLA PIPER LLP (US)
1717 Main Street, Suite 4600
Dallas, Texas  75201
214.743.4500 (telephone)
972.813.6278 (facsimile)

Attorneys for Plaintiff
La Quinta Worldwide, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

TUCSON DIVISION

| | |
|---|---|
| LA QUINTA WORLDWIDE, LLC, | )<br>) |
| Plaintiff, | ) No. CIV-09-00175-TUC-RCC<br>) |
| v. | )<br>) |
| Q.R.T.M., S.A. de C.V., | ) **(Jury Trial Demanded)**<br>) |
| Defendant. | )<br>)<br>) |

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO
DISMISS DEFENDANT'S COUNTERCLAIM**

Plaintiff La Quinta Worldwide, LLC ("La Quinta" or "Plaintiff") files this Reply in Support of its Motion to Dismiss the Counterclaim filed by Defendant Q.R.T.M., S.A. de C.V. ("QR" or "Defendant") pursuant to FED. R. CIV. P. 12(b)(6) and 12(f), and states as follows:

- 1 –

**Introduction**

QR seeks to preserve its redundant declaratory judgment counterclaim by asking the Court to ignore the Ninth Circuit's "mirror image" rule and follow out-of-circuit cases and a treatise. The elements of QR's declaratory judgment counterclaim are included and subsumed in La Quinta's principal claims. Accordingly, the declaratory judgment counterclaim is improper, redundant, and should be dismissed.

**Argument and Authorities**

It is well settled that the Court is empowered to dismiss a declaratory judgment claim when it finds the claim "will serve no useful purpose." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). Interpreting this instruction, courts in this circuit refuse to indulge declaratory judgment counterclaims that "merely restate issues already before the court as part of a plaintiff's affirmative case." *Atlantic Recording Corp. v. Serrano*, 2007 WL 4612921, *4 (S.D. Cal. 2007); *Avery Dennison Corp. v. Acco Brands, Inc.*, 2000 WL 986995, at *4 (C.D. Cal. February 22, 2000) (where "both the plaintiff's claim and a defendant's counterclaim seeking declaratory relief raise identical factual and legal issues," the counterclaim should be dismissed as redundant).

In its Response, QR does not dispute that the "mirror image" rule is the law of the Ninth Circuit. Rather, Defendant argues that its "counterclaim is broader than La Quinta's complaint." QR has asserted that courts in other jurisdictions have declined to adopt the "mirror image" rule, apparently implying that this Court should disregard Ninth Circuit authority and follow foreign case law. *See* Df's Opposition to Mot. to Dismiss at 4 [Dkt. No. 29].

**I.     QR's counterclaim is adds no new issues to the case.**

QR asserts that its declaratory judgment counterclaim is broader than La Quinta's claims because the counterclaim seeks a declaratory judgment "that will set forth its rights 'from sea to shining sea,' rather than just one particular town in Arizona." *See id*. [Dkt. No. 29]. QR mischaracterizes La Quinta's claims and pleadings, which are not limited to the boundaries of Tucson, Arizona.

1    La Quinta's Complaint seeks a an injunction prohibiting Defendant from "[u]sing
2 the QR Marks or any confusingly similar designation, including Quinta Real… to market,
3 advertise, promote or identify any hotel or motel services provided in the United States of
4 America." *See* Compl., at ¶¶ 63, 67 [Dkt. No. 1]. La Quinta also requests the cancellation
5 of Defendant's federal trademark registrations. *See id.,* at ¶¶ 58-59 [Dkt. No. 1]. These
6 claims seek nationwide relief based on La Quinta's claim of trademark infringement. QR
7 effectively concedes this point when it states elsewhere in its Response that La Quinta
8 "seeks to stop QUINTA REAL from establishing any hotel within the territorial limits of
9 the United States." *See* Df's Opposition to Mot. to Dismiss at 4 [Dkt. No. 29]. (QR's
10 characterization, however, is only partially correct. La Quinta seeks to stop Defendant
11 from using the infringing QR Marks in connection with any hotel in the United States. La
12 Quinta's claims do not seek to stop Defendant from owning or operating a hotel using
13 different names and marks that do not infringe La Quinta's interests.)
14    The factual issues and legal elements underlying QR's counterclaim are identical to
15 those underlying La Quinta's affirmative claims for trademark infringement and unfair
16 competition. To establish trademark infringement, La Quinta will demonstrate: (1)
17 ownership of a valid mark, and (2) that the QR's use of its marks is likely to cause
18 confusion, or to cause mistake, or to deceive consumers. *Reno Air Racing Ass'n v.*
19 *McCord*, 452 F.3d 1126, 1134 (9th Cir. 2006); 15 U.S.C. § 1114(1). QR seeks a
20 declaration of non-infringement, which will requires QR to prove the opposite, namely
21 that La Quinta does not own a valid mark or that QR's use of the mark is not likely to
22 cause confusion, mistake or deception of consumers. *See id.; Interscope Records v. Duty*,
23 2006 WL 988086, at * 3 (D. Ariz. Apr. 14, 2006) (claim for copyright infringement and
24 counterclaim seeking declaration of non-infringement involve the same legal issues).
25    Similarly, in connection with its statutory claim for unfair competition, La Quinta
26 will show that QR: (1) in connection with any services; (2) used or is using in commerce;
27 (3) any word, term, name, symbol, or device, or any combination thereof, or any false or
28 misleading representation of fact, which (4) is likely to cause confusion, or to cause

mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her services by another person. *See* 15 U.S.C. § 1125(a). For QR to be entitled to a declaratory judgment that it has not engaged in unfair competition, it will be required to prove the converse, namely that it has not used a false or misleading representation or designation of its services in commerce, or that its use thereof is unlikely to cause confusion, mistake or deception. *See id*. The elements in dispute are the same, and QR is wrong to attempt to characterize its counterclaims as broader than La Quinta's trademark infringement and unfair competition claims. *See Interscope Records*, 2006 WL 988086, at * 3.

**II.     The controlling authorities direct the dismissal of Defendant's counterclaim.**

QR relies upon a treatise and authorities from other Circuits to argue that this Court should disregard the "mirror image" rule. QR argues that the Court should adopt a test that allows the declaratory judgment counterclaim to proceed to trial "unless there is no doubt that it will be rendered moot by the adjudication of the main action." *See* Df's Opposition to Mot. to Dismiss at 5 (*citing* Wright, Miller and Kane, *Federal Practice & Procedure Civil 2d* § 1406) [Dkt No. 29]. As a threshold matter, QR's counterclaim would be subject to dismissal under QR's own standard because, as described above, there is no doubt that the counterclaim is rendered moot by La Quinta's claims for trademark infringement and unfair competition. In addition, courts in this Circuit have rejected QR's test in favor of a different rule, which calls for dismissal of a counterclaim whenever "both the plaintiff's claim and a defendant's counterclaim seeking declaratory relief raise identical factual and legal issues." *Avery Dennison Corp.,* 2000 WL 986995, at *4.

In *Interscope Records*, the Court applied the Ninth Circuit standard in a case involving a group of record companies who brought claims against an individual for copyright infringement. *Interscope Records*, 2006 WL 988086, at * 3. The individual filed a counterclaim seeking a declaration of non-infringement. The Court granted the record company's motion to dismiss the counterclaim. It held that "[t]he issue of

1  copyright infringement will be decided by this court regardless of the declaratory
2  judgment claim unless the parties stipulate to settlement, or the Recording Companies
3  move to voluntarily withdraw their complaint and the court so orders," and accordingly,
4  the counterclaim for declaratory judgment was "redundant and unnecessary." *Id.*

5  In *Capitol Records,* the Court considered a similar case in which group of record
6  companies brought copyright infringement claims against an individual. *Capitol Records,*
7  *Inc. v. Weed*, 2008 WL 1820667 (D. Ariz. Apr. 22, 2008). The individual filed a motion
8  for leave to amend her answer to request a declaratory judgment of non-infringement.
9  The Court denied the motion, holding that the declaratory claim "is redundant and
10 unnecessary." *Id*. at *8. Contrary to QR's efforts to distinguish these cases in its
11 Response, the cases do not "reflect essentially unopposed motions where the relief was
12 granted by default." *See* Df's Opposition to Mot. to Dismiss at 5 [Dkt. No. 29]. Rather,
13 they are cases in which a defendant failed to meet his or her burden to show there are
14 discrete issues in the counterclaims "that will not already be litigated in Plaintiffs' case in
15 chief and Defendant's own affirmative defenses." *Capitol Records,* 2008 WL 1820667,
16 *8.

17 Here, QR's counterclaim should be dismissed because QR has failed to meet this
18 burden. QR has not identified any discrete factual or legal questions that distinguish its
19 counterclaim from La Quinta's claims. Unless the parties settle this matter, all of the
20 pertinent questions of trademark infringement and unfair competition will be decided with
21 or without the presence of the counterclaim. *Interscope Records*, 2006 WL 988086, at *
22 3.[1] As a matter of law, Defendant's declaratory judgment counterclaim "is redundant and
23 unnecessary." *Capitol Records,* 2008 WL 1820667, *8.

---

[1] QR cites to *Nu Science Corp. v. Efasteam.com*, 2004 U.S. Dist. LEXIS 17763 (N.D. Cal. Aug 24, 2004) for the proposition that a declaratory judgment claim should not be dismissed merely because it restates the defendant's affirmative defenses. However, this case is distinguishable from the cases relied upon by La Quinta. Both *Interscope Records* and *Capitol Records,* involved counterclaims that were identical to the defendant's affirmative defenses <u>and</u> were a mirror image of the plaintiff's claims. In contrast, the counterclaim in *Nu Science* was not truly a mirror image of the complaint. The counterclaim: (a) involved additional third-party defendants, and (b) was based upon new factual allegations that did not appear in the plaintiff's complaint. *See id.* at *7 (counterclaims asserted against the plaintiff, a corporate affiliate, and the plaintiff's CEO,

**III.    QR's counterclaim should be dismissed or, at a minimum, stayed.**

QR's final argument is that its counterclaim is compulsory under FED. R. CIV. P. 13(a), and that accordingly, dismissal of the counterclaims could cause it to suffer prejudice. This assertion is incorrect. A defendant has no right to a declaratory judgment under the circumstances presented in this case. The purpose of the Declaratory Judgment Act is to relieve potential defendants from the "threat of impending litigation which a harassing adversary might brandish, while initiating suit at his leisure-or never." *Englewood Lending Inc. v. G & G Coachella Investments, LLC*, 2009 WL 2566870, *4 (C.D. Cal. Aug. 17, 2009). Once a plaintiff files suit, the defendant no longer lives "in fear of a potential suit," and accordingly, a countervailing declaratory judgment is generally unnecessary. *Id.* As described above, Defendant's declaratory judgment counterclaim involve a determination of identical legal and factual issues as those presented in La Quinta's complaint. Thus, even if the counterclaim is dismissed, Defendant will not be deprived of an opportunity to have these issues adjudicated by this Court. *See Capitol Records,* 2008 WL 1820667, at *8.

Moreover, even assuming Defendant's argument were correct, the appropriate course would be for this Court to stay the declaratory judgment counterclaim pending the Court's resolution of La Quinta's affirmative claims. *See Wilton*, 515 U.S. at 288 ("If a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before staying or dismissing the action.").

**Conclusion**

For these reasons, and the reasons contained in Plaintiff La Quinta Worldwide, LLC's Motion to Dismiss, Plaintiff respectfully requests that this Court dismiss Defendant's Counterclaim and award Plaintiff such other relief as the Court may deem just and proper.

---

alleging that "there was no effort by NU Science to maintain quality control over its trademark.").

RESPECTFULLY SUBMITTED this 5th day of October, 2009.

/s/ Kate E. Frenzinger
Mark A. Nadeau
mark.nadeau@dlapiper.com
Kate E. Frenzinger
kate.frenzinger@dlapiper.com
DLA Piper LLP (US)
2525 East Camelback Road, Suite 1000
Phoenix, Arizona 85016
480.606.5100 (telephone)
480.606.5101 (facsimile)

Jeffrey Goldfarb (*pro hac vice* pending)
jeffrey.goldfarb@dlapiper.com
DLA PIPER LLP (US)
1717 Main Street, Suite 4600
Dallas, Texas  75201
214.743.4500 (telephone)
972.813.6278 (facsimile)

**ATTORNEYS FOR PLAINTIFF
LA QUINTA WORLDWIDE, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on all parties of record via the Court's electronic case filing (ECF) system on this 5th day of October, 2009.

/s/ Brooke Campbell
_____
Brooke Campbell