Mark A. Nadeau (Arizona Bar No. 011280)
mark.nadeau@dlapiper.com
Kate E. Frenzinger (Arizona Bar No. 023100)
kate.frenzinger@dlapiper.com
Allison L. Kierman (Arizona Bar No. 024414)
Allison.kierman@dlapiper.com
DLA Piper LLP (US)
2525 East Camelback Road, Suite 1000
Phoenix, Arizona 85016 4232
480.606.5100 (telephone)
480.606.5101 (facsimile)

Joseph C. Gioconda (admitted *pro hac vice*)
joseph.gioconda@giocondalaw.com
Gioconda Law Group PLLC
1 Penn Plaza, 36th Floor
New York, NY 10119
212.786.7549 (telephone)
888.697.9665 (facsimile)

Attorneys for Plaintiff
La Quinta Worldwide, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

TUCSON DIVISION

| | |
|---|---|
| LA QUINTA WORLDWIDE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> Q.R.T.M., S.A. de C.V., <br><br> Defendant. | No. CIV-09-00175-TUC-RCC <br><br> **PLAINTIFF LA QUINTA WORLDWIDE'S RESPONSE TO DEFENDANT'S MOTION TO AMEND OR ALTER THE JUDGMENT UNDER FED.R.CIV.P. 59(e)** |

Plaintiff La Quinta Worldwide, LLC ("La Quinta") hereby responds to Defendant Q.R.T.M., S.A. de C.V.'s ("Quinta Real's" or "Defendant's") Motion to Alter or Amend the Judgment Pursuant to Fed. R. Civ. P. 59(e), filed February 23, 2011 [Dkt. 102] ("Motion").

## I. THERE ARE NO MATERIAL, MANIFEST ERRORS OF LAW OR FACT THAT PREJUDICE THE DEFENDANT.

Quinta Real correctly states that a motion to alter a judgment should only be granted when there are material "manifest errors of law or fact upon which the judgment is based" and/or if the motion is necessary to prevent "manifest injustice." Motion at 2. Here, however, the Court committed no material legal or factual errors that were prejudicial to Quinta Real, and therefore its Motion should be denied.

In resolving the parties' cross-motions for summary judgment, on February 16, 2011, the Court found in relevant part that, "[w]eighing all of the factors, it appears that summary judgment for either party is not appropriate at this time. The factually intensive nature of weighing the <u>Sleekcraft</u> factors generally relegates against summary judgment on claims of trademark infringement, and in this case, the facts are such that reasonable minds could differ." [Dkt. 101] (the "Order") at 10. In so ruling, the Court rejected both parties' motions for summary judgment, and set the matter for a trial on the merits. *Id.* at 15. Such a ruling is not appealable by either party. *See Padgett v. Wright*, 587 F.3d 983, 985 (9th Cir. 2009) ("[g]enerally, denials of summary judgment are not appealable."). Further, the Court does not need to amend the Order to alter its reasoning,[1] nor revisit the ultimate conclusion that a trial is necessary.[2]

---

[1] As described fully in La Quinta's Motion for Clarification, or in the Alternative to Reconsider, filed concurrently herewith, La Quinta understood one aspect of the Order to signify that when concluding that the actual confusion factor was neutral in the context of the parties' cross-motions for summary judgment, the Court excluded both parties' surveys. However, La Quinta has separately requested clarification regarding the admissibility of its survey evidence at trial.

[2] Even though there was a material error that prejudiced La Quinta with respect to dismissal of its dilution claim, the Court need not amend its ruling, as the issue is now moot, as explained *infra*.

**II.     QUINTA REAL'S "SCORECARD" APPROACH IS INAPPROPRIATE.**

In ruling on a complex legal issue at summary judgment, the Court considered each of the eight Sleekcraft factors, which the Defendant's counsel acknowledged at oral argument should *not* be treated like a scorecard:

> Mr. Colucci: The legal arguments…involve eight different factors that should be considered in evaluating the issue of likelihood of confusion…But as Your Honor is aware also, it's not a situation where you just add up which has the factor -- in whose favor each factor is and then see who gets the most points. Some of these factors are more important than others, but it's a way of determining if there is any likelihood of confusion.

Transcript of Oral Argument [Dkt. 99] at 11.

Only now, however, Quinta Real argues that the Court committed a "clear error of law and manifest injustice," and demands that the Court alter its Opinion to essentially check one of the factors off like a box "in its favor." Motion at 3. However, the Court correctly found that the actual confusion factor in this case presents difficult, non-dispositive and complex factual considerations. At the summary judgment phase, the Court found this particular factor in neither party's favor in the overall analysis when ultimately ordering a full trial on the merits. Order at 6-10.

Specifically, the Court considered the undisputed fact that there have been no instances of confused guests at any of the Defendant's hotels in Mexico, nor at the Plaintiff's hotels in the United States, and correctly recognized that such actual confusion evidence is generally difficult to come by. Order at 6.

The Court also further considered and rejected the Defendant's recurring (and consistently faulty) argument that Quinta Real and La Quinta have been in "coexistence for more than 24 years" in identical hotel markets, as Plaintiff repeatedly suggests.

Motion at 2.  Rather, the Defendant's "coexistence" argument was conclusively and appropriately resolved, as the Court concluded that:  "Quinta Real was engaged solely in advertising and booking reservations from the United States without a physical presence in the United States…" Order at 12.  Consequently, the undisputed fact that the hotel guests of the respective parties in different countries have not been actually confused in the past is not an illuminating fact in the current context, where Quinta Real seeks to open hotels as a newcomer within the United States where La Quinta already offers hotel services.

Additionally, the Court declined to consider either parties' survey when analyzing evidence of actual confusion, and held that "both [surveys] should be excluded as irrelevant." Order at 7.  Quinta Real argues that the Court's exclusion of Professor Mazis' survey during consideration of the parties' motions for summary judgment was "clear error" and lead to the "manifest error and clear injustice" in the Court's consideration of this single factor as neutral.

The Court considered Professor Mazis' survey and correctly reasoned that it demonstrated several methodological flaws, leading to its eventual irrelevance to the Court's ultimate conclusion.  Order at 7.  It is clear that in the summary judgment context, further analysis of Professor Mazis' survey would not have altered this outcome.  The Court identified concerns about the stimulus and universe used in the Mazis survey, and properly accorded little or no weight to that survey's results.[3]  *Id.*

---

[3] The Court's technical error in stating that no one in Arizona was surveyed in the Mazis survey changes nothing.  In fact, only 13% of Professor Mazis's survey respondents were taken from within Arizona, and none whatsoever were taken from Tucson.  Therefore, this error was immaterial.

Ultimately, after reviewing all the uncontested, as well as contested facts, the Court found that a trial was warranted, based on a global consideration of all eight of the Sleekcraft factors. Therefore, the Defendant has not been prejudiced in any cognizable way. Further analysis of the "actual confusion" factor at the summary judgment phase would not have led to this particular factor, nor the entire factual record, to have suddenly and decisively tilted in Quinta Real's favor, negating the need for a trial. Therefore, this aspect of the Court's Order should stand without the need for any amendment or reconsideration.

### III.   THE DILUTION CLAIM IS NOW MOOT.

The Court's ruling on Trademark Dilution (Opinion at 11) relied on legal principles that were superseded by federal statute. The statute requires that La Quinta show that dilution by blurring of its famous mark is simply "likely" from the Defendant's conduct, rather than that "actual dilution" will occur. See Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c)(1).

La Quinta believes that under this new, lower standard that Congress has promulgated since the *Mosely v. V Secret Catalogue, Inc.* case was decided by the U.S. Supreme Court in 2003, La Quinta can demonstrate that such blurring by dilution is likely. Further, the Court has correctly held that La Quinta's mark is "strong" (Order at 4) and La Quinta believes that the evidence in the record supports that its marks are famous under applicable statute.

However, solely to relieve the Court of the necessity for amendment, and in good faith to streamline relevant issues, the Plaintiff will withdraw its claim under the federal anti-dilution statute against the Defendant in this action, thus mooting this issue.

|   |   |
|---|---|
|   | Respectfully Submitted, |
| Dated: March 3, 2011 | By: /s/ *Kate E. Frenzinger* |
|   | Mark A. Nadeau |
|   | mark.nadeau@dlapiper.com |
|   | Kate E. Frenzinger |
|   | kate.frenzinger@dlapiper.com |
|   | Allison L. Kierman |
|   | allison.kierman@dlapiper.com |
|   | DLA Piper LLP (US) |
|   | 2525 East Camelback Road, Suite 1000 |
|   | Phoenix, Arizona 85016 |
|   | 480.606.5100 (telephone) |
|   | 480.606.5101 (facsimile) |
|   |   |
|   | -and- |
|   |   |
|   | Joseph C. Gioconda  (admitted *pro hac vice*) |
|   | joseph.gioconda@giocondalaw.com |
|   | Gioconda Law Group PLLC |
|   | 1 Penn Plaza, 36th Floor |
|   | New York, NY 10119 |
|   | 212.786.7549 (telephone) |
|   | 888.697.9665 (facsimile) |
|   |   |
|   | ATTORNEYS FOR PLAINTIFF |
|   | LA QUINTA WORLDWIDE, LLC |

**CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2011, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Frank J. Colucci
fcolucci@colucci-umans.com
Richard P. Jacobson
rjacobson@colucci-umans.com
Colucci & Umans
218 East 50th Street
New York, NY 10022-7681
212.935.5700 (telephone)
212.935.5728 (facsimile)

and

Timothy J. Franks
TFranks@perkinscoie.com
Perkins Coie Brown & Bain P.A.
2901 North Central Avenue, Suite 2000
Phoenix, Arizona  85012-2788

/s/ *Laureen McGlynn*